UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| TINA O'NEILL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN POTTER, Postmaster<br>United States Postal Service,<br><br>　　　　　　　　　Defendant. | Civil Action No. 07-5045 (SDW)<br><br>**OPINION**<br><br>October 22, 2009 |

**WIGENTON**, District Judge

    Before the Court is John Potter's, Postmaster for the United States Postal Service ("Defendant"), Motion for Reconsideration of this Court's July 17, 2009 Order and Opinion denying in part Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 59 and Local Civil Rule 7.1(i). The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court denies Defendant's Motion for Reconsideration.

**LEGAL STANDARD**

    Under Local Civil Rule 7.1, a party may serve and file a motion for reconsideration "within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge . . . [along with a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). In order for a court to alter or amend a judgment, the party seeking reconsideration must establish one of the following:

1

"(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is granted sparingly as it is considered an extraordinary remedy. *J.J.C. Boats, Inc. v. Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). Thus such a motion will be granted where "dispositive factual matters or controlling decisions of law" were previously presented to but not considered by the court. *Ivan v. County of Middlesex*, 612 F. Supp. 2d 546, 551 (D.N.J. 2009); see also *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d 542, 550 (D.N.J. 2000). A motion for reconsideration will not be granted where the moving party is simply seeking to set forth the reasons why it disagrees with the court's decision or is asking "the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d at 550.

**DISCUSSION**

Defendant requests that this Court vacate the part of the July 17, 2009 Order and Opinion that denied summary judgment on the harassment and hostile work environment claims. (Def.'s Br. 9, Aug. 1, 2009.) Defendant argues that "the Court relied upon inadmissible evidence in holding that a reasonable jury could find the requisite intent and pretext . . . [and] appears to have overlooked the fact that the statements of Linda Stewart and Timothy Levine cannot be presented to the jury because they are inadmissible." (Def.'s Br. 1.) According to Defendant, Linda Stewart's testimony is unduly prejudicial

and not probative of a hostile work environment and Timothy Levine's testimony is inadmissible hearsay. (Def.'s Br. 6-7.)

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Federal Rule of Civil Procedure 56(e) requires that affidavits "set out facts that would be admissible in evidence." However, the nonmoving party does not need to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Williams v. Borough of W. Chester*, 891 F.2d 458, 466 (3d Cir. 1989). A court may consider hearsay evidence at the summary judgment stage "if the out-of-court declarant could later present that evidence through direct testimony, i.e. 'in a form that would be admissible at trial.'" *Id.*; see also *Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co., Inc.*, 998 F.2d 1224, 1235 n.9 (3d Cir. 1993) (holding that a statement, although hearsay, can be considered for summary judgment purposes because the nonmoving party "simply has to produce the [declarant] to give [] testimony").

Even if Levine's testimony were determined to be hearsay, it could still be considered at this point since the out-of-court declarant or declarants could be produced at trial. Further, the Court did not overlook any facts or arguments previously presented but reviewed the evidence and determined that Levine's testimony was admissible for summary judgment purposes. Likewise, the Court did not overlook the admissibility of Stewart's statements. "The pleadings, depositions, answers to interrogatories, and

3

admissions on file, together with the affidavits," were reviewed and found to be sufficiently probative that the moving party was not entitled to a judgment as a matter of law.  Reconsideration of Defendant's Motion for Summary Judgment is therefore denied because Defendant has not put forth an intervening change in the controlling law, demonstrated that the Court committed a clear error of law or fact, nor introduced evidence that was not available when the Court partially denied the motion for summary judgment.

Defendant also argues that "the Court did not address the effect of the prior EEO settlement which must limit the scope of plaintiff['s] claims." (Def.'s Br. 1.)  The Court has not addressed motions in limine at this time.  These will be resolved at a later date prior to trial.

**CONCLUSION**

For the reasons discussed above, this Court denies Defendant's Motion for Reconsideration.

                                             **S/SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Madeline Cox Arleo, U.S.M.J.