PAUL J. FISHMAN
United States Attorney
DANIEL S. KIRSCHBAUM
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2842
Fax. (973) 297-2010
Daniel.Kirschbaum@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TINA O'NEILL, *Plaintiff,* v. JOHN POTTER, POSTMASTER, UNITED STATES POSTAL SERVICE, *Defendant.* | HON. SUSAN D. WIGENTON<br><br>Civil Action No. 07-5045<br><br>**ORDER CONCERNING MOTIONS IN LIMINE** |

This matter having come before the Court on the parties' various motions *in limine*, and the Court having considered the parties' written submissions and oral arguments on the same, it is now ORDERED as follows:

### Defendant's Motions *In Limine*

**No. 1 - Granted:** The parties may mention that Plaintiff filed EEO complaints in 2004 and 2006, but will not discuss or introduce evidence of the substance or content of the complaints. Plaintiff may not discuss her First Amendment, Fourteenth Amendment, Section 1983, or Title VII - Disparate Treatment claims.

**No. 2 - Granted:** Linda Stewart may not testify regarding any alleged racial or sexual slurs against Plaintiff by any Postal Service supervisory or management official.

**No. 3 - Granted:** Timothy Levine may not testify regarding any racial or sexual slurs against Plaintiff that he was told of by Michael Mundell or any other non-management individual.

**No. 4 - Granted:** Plaintiff may not introduce evidence concerning alleged romantic affairs between Kim Collins and any other Postal Service employee.

**No. 5 - Granted:** Plaintiff may not introduce evidence to show that any Postal Service management officials other than Nicholas Iarossi and Kim Collins subjected Plaintiff to a hostile work environment on the basis of discriminatory animus.

**No. 6 - Granted:** Neither party may introduce evidence or facts post-dating October 2007. The hostile work environment claim is limited to the period June 29, 2004 through October 2007, when Kim Collins left the Bayonne Post Office.

**No. 7 - Granted In Part:** Plaintiff's retaliation cause of action is limited to the period ending June 19, 2006 (i.e., three months after the filing of Plaintiff's EEO complaint on March 18, 2006). However, this cut-off date is only for purposes of damages calculations, and the jury may hear any evidence pre-dating November 2007.

**No. 8 - Granted:** Plaintiff may not introduce evidence that any Postal Service management officials retaliated against her other than Kim Collins, Nicholas Iarossi, Richard Firstmeyer, or Richard Myhren.

**No. 9 - Granted:** Neither party may introduce any facts or evidence pre-dating Plaintiff's June 29, 2004 EEO settlement.

**No. 10 - Withdrawn**

**No. 11 - Granted:** Plaintiff may not introduce conclusory testimony to the effect that she was

"harassed," "discriminated against," "retaliated against," or subjected to a "hostile work environment." In addition, Plaintiff may not introduce any testimony concerning incidents of alleged retaliation or hostility unless she lays a proper foundation, including specific facts as to who did what to her and when.

**No. 12 - Granted as Moot:** Plaintiff will not call "Rich Jennings" as a witness.

**No. 13 - Granted as Moot:** Plaintiff will not call Peter Maglio as a witness.

**No. 14 - Granted in Part, Reserved in Part:** Plaintiff must quantify her damages before the Court and outside the presence of the jury. Plaintiff may not rely on conclusory statements to the effect that she "lost a lot of overtime." However, Plaintiff may seek to prove as part of her retaliation claim at trial that she was regularly given overtime until she engaged in protected activity.

**No. 15 - Granted:** Plaintiff may not introduce evidence or testimony that Kim Collins was ordered to attend, or did not attend, an "anger management" course.

**No. 16 - Granted in Part, Reserved in Part:** Concerning Plaintiff's exhibits listed in the Joint Pretrial Order:

• Plaintiff's Exhibit No. 11. Dr. Kleinman's expert report is not evidence, hence Plaintiff may not introduce it in her case-in-chief.

• Plaintiff's Exhibit No. 15. Plaintiff has indicated that she does not seek to introduce the tape recording at trial, rendering Defendant's objections to this piece of evidence moot.

• Plaintiff's Exhibit No. 16. The Court will reserve judgment on whether to exclude Plaintiff's social worker's treatment notes until trial testimony reveals whether or not Dr. Hriso is qualified to testify concerning those notes.

•Plaintiff's Exhibit No. 21. Plaintiff has indicated that she does not seek to introduce the EEO report at trial, rendering Defendant's objections to this piece of evidence moot.

•All remaining objections to Plaintiff's exhibits will be addressed prior to trial.

### Plaintiff's Motions *In Limine*

**No. 1 - Denied as moot**, in light of the decision on Defendant's Motion No. 6.

**No. 2 - Denied as moot**, in light of the decision on Defendant's Motion No. 6.

**No. 3 - Denied as moot**, in light of the decision on Defendant's Motion No. 6.

**No. 4 - Granted as unopposed**; the parties shall abide by the Federal Rules of Evidence.

IT IS SO ORDERED.

_____
SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE